Filed 1/9/26  Molina v. Hot Wheels Trucking CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| DELIA MOLINA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>HOT WHEELS TRUCKING, INC.,<br><br>    Defendant and Respondent. | G064771<br><br>(Super. Ct. No. 30-2022-01255732)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Sandy N. Leal, Judge. Affirmed.

Law Offices of Timothy J. Donahue and Timothy J. Donahue for Plaintiff and Appellant.

Lagasse Branch Bell + Kinkead, Zubin Farinpour, Rafayel Aslanyan and Jeffrey Tsao for Defendant and Respondent.

Plaintiff Delia Molina challenges the grant of summary judgment for defendant Hot Wheels Trucking, Inc. on her wrongful death and employment-related claims based on her late husband Eduardo's work for Hot Wheels.[1] She contends there were triable issues on whether the company caused Eduardo's death and whether he was an employee, rather than an independent contractor. She fails to show any error in the ruling. We affirm the judgment.

FACTS

After Eduardo died of COVID-19 complications, Delia sued Hot Wheels, asserting wrongful death, related claims, and various Labor Code violations. She alleged the company negligently caused Eduardo to contract the illness and misclassified him as an independent contractor.

During discovery, Hot Wheels served 35 special interrogatories seeking all facts supporting Delia's claims. Delia responded with 35 identical responses, consisting of blanket objections and the following statement: "Defendants cause[d] the wrongful death of Eduardo Molina. Death resulted from dangerous and wrongful conduct of defendants, in defendant's workplace. Defendants also failed and refused to pay wages and benefits."

Hot Wheels moved for summary judgment, contending Delia had no evidence it had negligently caused Eduardo to contract COVID-19 and the undisputed evidence showed he had been an independent contractor. Hot Wheels presented evidence that Eduardo owned and operated his own truck, was paid per load, set his own hours, could accept or decline work, and maintained his own business license. It claimed the evidence satisfied the

---

[1] We respectfully use first names for clarity.

2

conditions of Labor Code section 2776, meaning the *Borello*[2] test determined Eduardo's employment classification.[3] According to Hot Wheels, that analysis established that Eduardo was an independent contractor.

In opposition, Delia claimed Eduardo was misclassified under a different test. She did not address Labor Code section 2776 or *Borello*. She submitted her own declaration stating that "[t]here was a Covid outbreak at work," Hot Wheels "failed to protect [Eduardo]," and Eduardo "came home from work sick."

The trial court granted summary judgment. It reasoned that Delia had presented no evidence that Hot Wheel's conduct caused Eduardo's death. And it concluded Eduardo had been an independent contractor as a matter of law under *Borello*.

DISCUSSION

Summary judgment is complicated procedurally. Hot Wheels's separate statement of undisputed facts is 54 pages long. Delia's response is 168 pages long. The legal issues raised by this motion—medical causation and employment classification—are also complicated, both factually and legally. We need guidance to navigate these choppy waters.

Delia's appellate briefing does not provide that guidance. It fails to identify issues with appropriate headings. (See Cal. Rules of Court, rule 8.204(a)(1)(B).) And it mixes factual assertions, often without citation to the

---

[2] *S. G. Borello & Sons, Inc. v. Department of Industrial Relations* (1989) 48 Cal.3d 341 (*Borello*).

[3] Under Labor Code section 2776, if 12 specified conditions are met, *Borello* governs employment classification in a business-to-business contracting relationship. (Lab. Code, § 2776, subd. (a).) *Borello* itself establishes a different, multifactor test. (*Borello, supra*, 48 Cal.3d at p. 350.)

record, with conclusory legal contentions, often without citation to authority. (See *id.*, rule 8.204(a)(1)(B), (C).) For example, on whether Eduardo was an employee, Delia's opening brief claims *Borello* was "the wrong case law" without explaining why. Indeed, neither of her briefs even cites Labor Code section 2776, which determines whether *Borello* applies. The opening brief then makes a host of factual assertions without record citations or legal analysis.[4] These defects prevent meaningful appellate review and require affirmance. (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 181 [appellant cannot satisfy burden without "complete and coherent headings and legal arguments"].)

Briefing deficiencies aside, we observe that Delia provided no evidence that Hot Wheels had caused Eduardo's illness. Her discovery responses were conclusory. (See *Casey v. Perini Corp.* (2012) 206 Cal.App.4th 1222, 1231 [factually devoid discovery responses showed plaintiff could not prove causation].) And her declaration was no better. She asserted, without providing foundation, that Hot Wheels had "failed to protect" Eduardo from an outbreak at work and speculated that he contracted the disease there. She demonstrated no personal knowledge of these claimed facts and offered no competent evidence of negligence. That is insufficient to defeat summary judgment. (*Forest Lawn Memorial-Park Assn. v. Superior Court* (2021) 70 Cal.App.5th 1, 8 [opposing declaration must show personal knowledge].)

---

[4] The opening brief states: "The evidence before the court was that Eduardo was a truck driver. Defendant was in the trucking business. Eduardo drove truck for defendant. Defendant paid Eduardo to drive truck. Eduardo drove to where he was told. Eduardo picked up, when he was told to pick up. Eduardo did what he was told. There was no evidence that Eduardo was involved in any other independent business. Employees were invited to the bosses' party, and Eduardo was invited there too—the obvious inference is that he was an employee."

## DISPOSITION

The judgment is affirmed. Hot Wheels is entitled to its costs on appeal.


SCOTT, J.

WE CONCUR:


SANCHEZ, ACTING P. J.


BANCROFT, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.